## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **KARLOS CEDENO MAYS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   2:12-cv-8037-RDP |
| | )   (2:05-cr-297-RDP-PWG-1) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM OPINION

On August 23, 2012, Karlos Cedeno Mays, a federal prisoner acting *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. 1; Crim. Doc. 477 (the "§ 2255 Mot.")).[1] However, Mays's § 2255 motion is his second one attacking his conviction, and he does not claim to have an order from the United States Court of Appeals for the Eleventh Circuit authorizing this court to consider the motion. Therefore, as explained below, Mays's instant § 2255 motion is due to be denied without prejudice for want of jurisdiction, pursuant to 28 U.S.C. § 2255(h).

Mays's instant § 2255 motion attacks his 210-month prison sentence entered on February 5, 2007, in case number 2:05-cr-297-RDP-PWG-1 (Crim. Doc. 416). That sentence rests on Mays's guilty-plea conviction to a count of conspiracy to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride and 50 grams or more of methamphetamine, *see* 21 U.S.C. §§ 846 and 841(b)(1)(A), and to a count of money laundering, *see*

---

[1] Citations herein to "Civ. Doc(s) ___" are to the document numbers assigned by the Clerk of the Court to the pleadings and other materials in the instant "civil" case, initiated by the instant § 2255 motion, *i.e.*, *Mays v. United States*, 2:12-cv-8037-RDP. Citations to "Crim. Doc(s) ___" are to the document numbers likewise assigned in the underlying "criminal" case, *United States v. Mays*, 2:05-cr-297-RDP-PWG.

18 U.S.C.A. §§ 1956(h) and (a)(1)(A)(i). Mays now seeks to contest that sentence based upon *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), and *Simmons v. United States*, 649 F.3d 237 (4th Cir. 2011) (en banc). In particular, he argues that, under those authorities, he was improperly subjected to an enhanced sentence on the theory that a prior Mississippi state-court conviction for possession of more than a kilogram of marijuana, for which Mays served only 27 days of a two-year suspended sentence, did not qualify as a predicate felony for purposes of the Controlled Substances Act.

Whatever the merits of such a claim, this court cannot now hear it. This court's records show that Mays previously filed a § 2255 motion in case number 2:09-cv-8009-RDP-PWG (the "2009 Case") attacking his conviction. (Crim. Doc. 453; Doc. 1 in the 2009 Case). On July 13, 2010, the court denied that § 2255 motion. (*See* Docs. 16, 17, and 18 in the 2009 Case). Mays did not attempt to appeal.

> Section 2255 provides in pertinent part:
>
>> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In turn, 28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate

>court of appeals for an order authorizing the district court to consider
>the application.

In *Burton v. Stewart*, 549 U.S. 147, 157 (2007), the United States Supreme Court held, in the § 2254 context, that because a state prisoner did not receive authorization from the Court of Appeals before filing his second challenge, "the District Court was without jurisdiction to entertain it." In *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam), the Eleventh Circuit held in the § 2255 context:

>Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Hill v. Hopper,* 112 F.3d 1088, 1089 (11th Cir. 1997). Because Farris did not have authorization from this Court before filing his Rule 60(b) motion, the district court did not err in denying his motion as an unauthorized successive § 2255 motion.

*See also United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

Mays has previously filed a § 2255 motion attacking his conviction. That motion was denied, and that denial has long since become final. Mays does not plead or otherwise suggest that he has obtained an order from the Eleventh Circuit authorizing this court to consider a second or successive § 2255 motion. Without such an order, this court lacks jurisdiction to consider Mays's present § 2255 motion. Accordingly, that motion (Civ. Doc. 1; Crim. Doc. 477) is due to be denied without prejudice, for want of jurisdiction. A separate final order will be entered.

**DONE** and **ORDERED** this   28th   day of August, 2012.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE